a

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
ALEXANDRIA DIVISION

| | |
|---|---|
| RODERICK DUNSTON,<br>Petitioner | CIVIL ACTION NO. 1:16-CV-1195-P |
| VERSUS | CHIEF JUDGE DRELL |
| WILLIAM A. SHERROD,<br>Respondent | MAGISTRATE JUDGE PEREZ-MONTES |

REPORT AND RECOMMENDATION

Before the Court is a petition for writ of habeas corpus (42 U.S.C. § 2241) filed by pro se Petitioner Roderick Dunston (#26871-018). Petitioner is an inmate in the custody of the United States Bureau of Prisons, incarcerated at the United States Penitentiary in Pollock, Louisiana. Petitioner challenges his life sentence imposed in the United States District Court for the Northern District of Texas.

This matter has been referred to the undersigned for review, report, and recommendation in accordance with the provisions of 28 U.S.C. § 636 and the standing orders of the Court.

I.   Background

Petitioner was convicted of conspiracy to distribute and possess with intent to distribute five kilograms or more of cocaine, in violation of 21 U.S.C. §§ 846 and 841(a)(1) and (b)(1)(A). The government sought a penalty enhancement under § 841 because Petitioner had two prior felony convictions in the State of Florida: (1) Possession of Cocaine with Intent to Deliver; and (2) Possession of More than 20 grams of Cannabis. (Case 4:07-CR-00145, N.D. Tex., Doc. 92). The district court

sentenced Petitioner to a mandatory life sentence under the enhanced penalty provision. See United States v. Dunston, 435 F. App'x 312, 313 (5th Cir. 2010).

On appeal, Petitioner argued that: (1) the district court erred when it denied his pretrial motion to suppress statements made during a custodial interrogation by DEA agents; (2) the district court erred by allowing the introduction of evidence of his 1999 Florida conviction for possession of cocaine with intent to sell or deliver; and (3) the district court erred by refusing to give Petitioner's requested jury instruction regarding the voluntariness of the statements he made to the DEA agent. See id. at 313. The conviction was affirmed on appeal. Id. It does not appear that Petitioner sought writs in the United States Supreme Court.

On June 9, 2011, Petitioner filed a pro se motion to vacate under 28 U.S.C. § 2255 in the United States District Court for the Northern District of Texas. Petitioner argued that his indictment should have been dismissed for lack of subject matter jurisdiction and lack of territorial jurisdiction. The district court denied the motion, noting that Petitioner should have raised jurisdictional challenges on direct appeal. (Case 4:11-CV-00387, N.D. Tex., Doc. 9, p. 4). The Fifth Circuit Court of Appeals denied Petitioner's request for a certificate of appealability. (Case 4:11-CV-00387, N.D. Tex., Doc. 16).

In his § 2241 petition before this Court, Petitioner argues that his sentence was wrongfully enhanced because his marijuana conviction was not a felony. Petitioner argues that he is actually innocent of the enhancement. (Doc. 1, p. 7).

II. <u>Law and Analysis</u>

A federal prisoner may challenge his sentence under either 28 U.S.C. §§ 2241 or 2255. Though closely related, these two provisions are "distinct mechanisms for seeking post-conviction relief." <u>Pack v. Yusuff</u>, 218 F.3d 448, 451 (5th Cir. 2000). A § 2241 petition may be filed by a prisoner challenging the manner in which his sentence is being executed. See <u>Reyes–Requena v. U.S.</u>, 243 F.3d 893, 900–01 (5th Cir. 2001) (citing <u>Warren v. Miles</u>, 230 F.3d 688, 694 (5th Cir. 2000)). The proper venue for such a challenge is the district in which the prisoner is incarcerated. See <u>Kinder v. Purdy</u>, 222 F.3d 209, 212 (5th Cir. 2000) (citing <u>Pack</u>, 218 F.3d at 451).

In contrast, a § 2255 motion should be used to vacate, set aside, or correct a sentence based on errors that occurred at or prior to sentencing. See <u>Cox v. Warden, Federal Detention Ctr.</u>, 911 F.2d 1111, 1113 (5th Cir. 1990) (citing <u>United States v. Flores</u>, 616 F.2d 840, 842 (5th Cir. 1980)). The claims that are cognizable under § 2255 are broadly defined to include allegations that "judgment was rendered without jurisdiction, or that the sentence imposed was not authorized by law . . . or that there has been such a denial or infringement of the constitutional rights of the prisoner as to render the judgment vulnerable." 28 U.S.C. § 2255(b).

A § 2255 motion "provides the primary means of collateral attack on a federal sentence" and must be filed in the court that issued the contested sentence. See <u>Cox</u>, 911 F.2d at 1113. A § 2241 petition that seeks to challenge the validity of a federal sentence or conviction must be either dismissed or construed as a § 2255 motion by the court. See <u>Pack</u>, 218 F.3d at 452. Petitioner has previously filed a § 2255 motion

3

in the district of conviction. Because his petition does not fall under the savings clause of § 2255, it should be dismissed.

The savings clause is a limited exception to the rule that a § 2241 petition may not be used to challenge the validity of a federal sentence and conviction. See Pack, 218 F.3d at 452. It allows a prisoner to rely on § 2241 if the remedy available under § 2255 would be "inadequate or ineffective to test the legality of his detention." 28 U.S.C. § 2255(e). The burden of affirmatively proving that the § 2255 remedy is inadequate is squarely on the petitioner. See McGhee v. Hanberry, 604 F.2d 9, 10 (5th Cir. 1979).

The Fifth Circuit Court of Appeals has identified the limited circumstances under which the savings clause of § 2255 applies. To fall under this provision, a petitioner must demonstrate that: (1) his claim is based on a retroactively applicable Supreme Court decision; (2) the Supreme Court decision establishes that he was "actually innocent" of the charges against him because the decision decriminalized the conduct for which he was convicted; and (3) his claim would have been foreclosed by existing circuit precedent had he raised it at trial, on direct appeal, or in his original § 2255 petition. See Reyes–Requena, 243 F.3d at 904.

Petitioner claims he is entitled to proceed under the savings clause based on a Fourth Circuit Court of Appeals case, United States v. Simmons, 649 F.3d 237 (4th Cir. 2011).[1] However, under the savings clause, Petitioner must identify a

---

[1] Simmons involved a direct appeal from a conviction and enhanced sentence. The Fourth Circuit determined that the defendant's prior conviction for a non-aggravated, first-time marijuana possession did not qualify as a predicate felony

4

retroactively applicable Supreme Court decision establishing his innocence. Petitioner's reliance on a Fourth Circuit decision is insufficient to meet his burden under § 2255(e).

Moreover, "[a] claim of actual innocence of a career-offender enhancement is not a claim of actual innocence of the crime of conviction and, thus, not the type of claim warranting review under § 2241." McNeal v. Martin, 424 F. App'x 322, 323 (5th Cir. 2011) (citing Kinder, 222 F.3d at 213–14; Padilla v. United States, 416 F.3d 424, 426-27 (5th Cir. 2005)).

### III. Conclusion

For the foregoing reasons, **IT IS RECOMMENDED** that the § 2241 petition be **DISMISSED** for lack of jurisdiction. Petitioner must seek permission from the Fifth Circuit Court of Appeals to file a second or successive § 2255 petition in order challenge the legality of his life sentence.

Under the provisions of 28 U.S.C. § 636(b)(1)(c) and Fed.R.Civ.P. 72(b), parties aggrieved by this Report and Recommendation have fourteen (14) calendar days from service of this Report and Recommendation to file specific, written objections with the Clerk of Court. A party may respond to another party's objections within fourteen (14) days after being served with a copy thereof. No other briefs (such as supplemental objections, reply briefs, etc.) may be filed. Providing a courtesy copy of

---

conviction under the Controlled Substances Act. Thus, the defendant's sentence was vacated. Id.

the objection to the undersigned is neither required nor encouraged. Timely objections will be considered by the District Judge before a final ruling.

Failure to file written objections to the proposed findings, conclusions, and recommendations contained in this Report and Recommendation within fourteen (14) days from the date of its service, or within the time frame authorized by Fed.R.Civ.P. 6(b), shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the District Judge, except upon grounds of plain error.

THUS DONE AND SIGNED in chambers in Alexandria, Louisiana, this <u>12th</u> day of September, 2016.

                                         Joseph H.L. Perez-Montes
                                         United States Magistrate Judge